**PUBLIC SERVICE TELEPHONE COMPANY, Plaintiff— Appellant,**

v.

**The GEORGIA PUBLIC SERVICE COMMISSION, Chuck Eaton, in his official capacity as Chairman of the Georgia Public Service Commission,**

---

Robert B. Baker, in his official capacity as Commissioner of the Georgia Public Services Commission, H. Doug Everett, in his official capacity as Commissioner of the Georgia Public Service Commission, Angela E. Speir, in her official capacity as Commissioner of the Georgia Public Service Commission, Alltel Communications, LLC f/k/a Alltel Communications et al., Defendants—Appellees.

Public Service Telephone Company, Plaintiff—Appellant,

v.

The Georgia Public Service Commission, Chuck Eaton, in his official capacity as Chairman of the Georgia Public Service Commission, Robert B. Baker, in his official capacity as Commissioner of the Georgia Public Service Commission, H. Doug Everett, in his official capacity as Commissioner of the Georgia Public Service Commission, Angela E. Speir, in her official capacity as Commissioner of the Georgia Public Service Commission, Verizon Wireless of the East LP, et al., d/b/a Verizon Wireless, Defendants—Appellees.

Nos. 10–11036, 10–11037.

United States Court of Appeals, Eleventh Circuit.

Dec. 9, 2010.

John Curtis Allen, L. Craig Dowdy, McKenna Long & Aldridge LLP, Atlanta, GA, Benjamin H. Dickens, Blooston, Mordkofsky, Dickens, Duffy & Prendergast, Washington, DC, for Plaintiff–Appellant.

Daniel Stephen Walsh, Sidney Ray Barrett, Jr., Georgia Attorney General's Office, John Lloyd Watkins, Chorey, Taylor & Feil, P.C., Charles F. Palmer, Kevin Gregory Meeks, Troutman Sanders, LLP, Atlanta, GA, Stephen Kraskin, The Law Office Of Stephen G. Kraskin, Washington, DC, Stephen B. Rowell, Alltel Communication, LLC, Little Rock, AR, for Defendants–Appellees.

Before BARKETT, MARTIN and HILL, Circuit Judges.

PER CURIAM:

Public Service Telephone Company ("PSTC") appeals from the district court's final judgment affirming two related orders of the Georgia Public Service Commission (the "Commission") in favor of Alltel Communications and Verizon Wireless. PSTC contends that the Commission and district court erred in failing to give clear effect to the terms of interconnection agreements entered into by the parties within the framework of the Telecommunications Act of 1996. PSTC asserts that the Commission's orders violate federal law and requests that this Court reverse the district court's order and enjoin the enforcement of the Commission's orders. We have considered the various orders of the Commission and district court, as well as the briefs and oral argument of the parties, and find no reversible error.

In this review of the administrative decision by the Commission, we apply a two-tiered standard of review. Issues of federal law are reviewed de novo. *MCI Worldcom Commc'ns, Inc. v. BellSouth Telecomm., Inc.*, 446 F.3d 1164, 1170 (11th Cir.2006). The Commission's factual findings and application of state law, however, including its interpretation and application of the parties' interconnection agreements, are reviewed under an "arbitrary and capricious" standard. *Id.; see also BellSouth Telecomm., Inc. v. MCImetro Access Transmission Servs., Inc.*, 317 F.3d 1270, 1279 (11th Cir.2003) (en banc) (recognizing authority of Georgia Public Service

Commission to interpret and enforce interconnection agreements). "A finding that a decision was arbitrary or capricious requires us to find no rational basis for the decision. Once we find a rational connection between the evidence and the decision, we must defer to the agency's expertise." *Tackitt v. Prudential Ins. Co.,* 758 F.2d 1572, 1575 (11th Cir.1985) (citations omitted); *see also Miccosukee Tribe of Indians of Fla. v. United States,* 566 F.3d 1257, 1264 (11th Cir.2009) ("The arbitrary and capricious standard is exceedingly deferential. We are not authorized to substitute our judgment for the agency's as long as its conclusions are rational." (quotations and citations omitted)).

On this record, and under our deferential standard of review, we cannot say that the Commission's findings and subsequent orders based thereupon were arbitrary and capricious. Accordingly, the district court did not err in denying PSTC's request to enjoin the enforcement of the Commission's orders.

**AFFIRMED.**